UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

3DPHOTO WORKS, LLC,

                              **Plaintiff,**

              v.                                  1:20-CV-215
                                                        (FJS/DJS)

YRC WORLDWIDE INC. d/b/a YRC FREIGHT,

                              **Defendant.**
_____

**APPEARANCES**                                  **OF COUNSEL**

**OFFICE OF JAMES E. KLEINBAUM**        **JAMES E. KLEINBAUM, ESQ.**
18 Park Row
Chatham, New York 12037
Attorneys for Plaintiff

**PRICE, MEESE, SHULMAN &**             **RICK A. STEINBERG, ESQ.**
**D'ARMINIO, P.C.**
50 Tice Boulevard, Suite 380
Woodcliff Lake, New Jersey 07677

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. MOTION

      Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 5.

## II. BACKGROUND

On December 4, 2019, Plaintiff filed a verified complaint in New York Supreme Court, Columbia County, against Defendant. *See* Dkt. No. 2. Defendant removed the action to the Northern District of New York on February 26, 2020. *See* Dkt. No. 1.

In its first cause of action for breach of contract, Plaintiff alleges that, on or about May 3, 2019, it entered into a contract with Defendant, whereby Defendant agreed to ship exhibition materials to and from New Orleans, Louisiana, from Chatham, New York, in exchange for Plaintiff's payment of $4,117.41 (the "Contract"). *See* Dkt. No. 2 at ¶ 3. Plaintiff further alleges that Defendant failed to perform the Contract terms by allowing the exhibition materials to be irreparably damaged during the shipping process, thereby breaching the Contract. *See id.* at ¶ 4. Plaintiff contends that it substantially performed all of its obligations under the Contract and that Defendant's breach caused it to suffer $19,300 in damages. *See id.* at ¶¶ 4-5.

In its second cause of action for unjust enrichment, Plaintiff asserts that Defendant successfully shipped the exhibition materials to New Orleans, Louisiana, but did not ship the materials back to Chatham, New York, in satisfactory condition. *See id.* at ¶ 7. As a result, Plaintiff maintains that Defendant has been unjustly enriched in the amount of $2,058.70 because it did not perform half of the Contract. *See id.* at ¶ 8.

Finally, in its third cause of action grounded in negligence, Plaintiff asserts that, when it entrusted its exhibition materials to Defendant, this triggered a duty of care and that Defendant breached that duty of care when those exhibition materials were irreparably damaged while in Defendant's possession. *See id.* at ¶¶ 9-10. Accordingly, Plaintiff alleges that Defendant's negligent handling of the exhibition materials caused it damages in the amount of $19,300. *See id.* at ¶ 11.

## III. DISCUSSION

In support of its motion to dismiss, Defendant argues that the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"), 49 U.S.C. § 14706, completely preempts Plaintiff's state-law causes of action and provides the only cause of action that Plaintiff has.  *See* Dkt. No. 5-1 at 3-4 (collecting cases).

Plaintiff does not seriously contest Defendant's preemption argument, asserting only that the Court should remand this case to the New York Supreme Court, Columbia County, because the Carmack Amendment expressly permits plaintiffs to bring civil actions in either federal or state court.  *See* Dkt. No. 6, Affirmation of Attorney James Kleinbaum, at ¶ 5.  In the alternative, Plaintiff's counsel asserts that, if the Court does not remand the matter, he has attached an amended complaint in compliance with Rule 15(a)(1)(B)'s 21-day rule, in which Plaintiff alleges claims similar to those in its original complaint, only under the Cormack Amendment.  *See id.* at ¶ 6.

In its reply, Defendant states that it "does not object to Plaintiff being allowed to file an amended complaint in the federal court for the Northern District of New York stating only Carmack Amendment causes of action."  *See* Dkt. No. 8 at 2.

Pursuant to Rule 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course within . . . (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  Defendant filed its motion to dismiss pursuant to Rule 12(b)(6) on February 27, 2020.  *See* Dkt. No. 5.  Plaintiff filed its amended complaint in partial response to that motion on March 13, 2020, which is within the 21-day time limit that Rule 15(a)(1)(B) requires.  *See* Dkt. No. 6-2.

## III. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the Clerk of the Court shall file Plaintiff's amended complaint, *see* Dkt. No. 6-2, as a separate document on the Docket; and the Court further

**ORDERS** that Defendant's motion to dismiss, *see* Dkt. No. 5, is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: May 26, 2021
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge